■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CARABALLO, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered November 24, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, under indictment No. 551/87, upon a jury verdict, and imposing sentence and (2) an amended judgment of the same court, also rendered November 24, 1987, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his previous conviction of driving while intoxicated under indictment No. 2247/86.

Ordered that the judgment and the amended judgment are affirmed.

Viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Any rational trier of fact could have concluded that the objective circumstances surrounding the defendant's reckless conduct so elevated the gravity of the risk created as to evince the depraved indifference to human life necessary to sustain the murder conviction (see, People v Roe, 74 NY2d 20; People v Register, 60 NY2d 270).

Moreover, we find that the trial court's curtailment of inquiry into acts of violence committed by the defendant's family members on prior occasions was a proper exercise of its

discretion to limit the admission of collateral evidence *(see, People v Williams,* 142 AD2d 310). Significantly, we note that the trial court's ruling did not exclude testimony as to the commission of the acts, but rather precluded excursion into the underlying details. Accordingly, the defendant suffered no prejudice from the court's ruling and the efficiency of the trial was not compromised. Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.